PROB 12C
(7/93)

Report Date: March 29, 2013

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 0 1 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Marvin L. Tate         Case Number: 2:07CR06032-001

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, U.S. District Judge

Date of Original Sentence: 3/13/2008

Original Offense:    Possession of Controlled Substance With Intent to Distribute , 21 U.S.C. § 841(a)(1)

Original Sentence:   Prison - 60 Months          Type of Supervision: Supervised Release
                     TSR - 48  Months

Asst. U.S. Attorney: Joseph H. Harrington         Date Supervision Commenced: 10/23/2012

Defense Attorney:    Alex B. Hernandez, III       Date Supervision Expires: 5/22/2015

---

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime. |
| | **Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by committing the offense of simple assault, domestic violence, on or prior to February 21, 2013. |
| | According to reports provided by the Richland Police Department, officers were dispatched to a domestic disturbance on the morning of February 21, 2013. Marcie Berg, the victim in the dispute, stated she had been assaulted by her boyfriend, Marvin Tate, after she decided to end the relationship. It was noted that there had been a physical altercation inside the residence and she sustained scratches on her neck and an injured ankle. Ms. Berg advised Mr. Tate stepped on her ankle when she fell to the ground. The report indicated the incident continued outside when Ms. Berg exited the residence. Once outside, Mr. Tate grabbed Ms. Berg but she was able to break free and run to a neighbor who was outside. |

A secondary report was obtained from the Richland Police Department which provided the neighbor's observations of the incident outside. It was stated that he observed Mr. Tate and Ms. Berg in a physical altercation. The neighbor stated Mr. Tate had Ms. Berg in a headlock and looked as if he was trying to get something from her. Ms. Berg then walked across the street to obtain help and Mr. Tate followed. The neighbor provided Ms. Berg with a phone to contact police. It was noted that while Ms. Berg was trying to call police Mr. Tate was attempting to get the phone from her. The neighbor directed Mr. Tate to stop. After doing so there was a short conversation between the neighbor and Mr. Tate. The neighbor felt Mr. Tate was trying to, "decide if he wanted to fight or not." Instead, Mr. Tate got into his car and left.

2   **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by having contact with a convicted felon, Marcie Berg, on February 21, 2013.

As noted within violation number 1, the defendant was at the home of Marcie Berg on February 21, 2013. Ms. Berg advised responding officers that Mr. Tate had spent the night on February 20, 2013. This officer has advised Mr. Tate on multiple occasions that he is not to have any contact with Ms. Berg for any reason due to her felony convictions.

3   **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by committing the offense of driving with a suspended license on February 21, 2013, and March 7, 2013.

On February 21, 2013, after the officers identified the alleged assailant as Mr. Tate, they learned that his driving status was suspended in the third degree. A citation was mailed to Mr. Tate.

On March 7, 2013, Mr. Tate was observed driving his vehicle by an officer with the Richland Police Department. The officer stopped Mr. Tate and issued him a citation for driving with a suspended license.

4   **Standard Condition #19** : You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by using a controlled substance, marijuana, on or prior to March 4, 2013.

On March 4, 2013, Mr. Tate reported for a random urinalysis test. The test returned presumptive positive for marijuana. Mr. Tate initially denied any use, but later stated he had eaten some brownies at his grandmothers which were laced with marijuana. He denied knowing the brownies were laced with marijuana prior to ingesting.

5    **Special Condition # 19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by using a controlled substance, marijuana, on or prior to March 20, 2013.

On March 20, 2013, Mr. Tate reported for a random urinalysis test. The test returned presumptive positive for marijuana. Mr. Tate admitted at the time of the test that he had used marijuana 2 days prior

6    **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by failing to notify his probation officer of police contact regarding the assault DV on February 21, 2013.

Mr. Tate has been contacted on multiple occasions since the February 21, 2013, incident. He notified this officer about being charged on both driving while license suspended issues, but has never notified this officer in person, by phone, or on his monthly report about being charged with the assault DV.

7    **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Supporting Evidence**: Marvin Tate is considered in violation of his term of supervised release in the Eastern District of Washington by failing to truthfully answer having contact with Marcie Berg on his monthly report dated March 5, 2013. The defendant has also never advised this officer in person or by phone about the contact.

Prob12C
Re: Tate, Marvin L.
March 29, 2013
Page 4

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  03/29/2013

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

4/1/13
Date